UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILTON OVERALL, <br><br> Plaintiff, <br><br> v. <br><br> VERDE ENERGY USA, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-00510 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHRISTOPHER WILTON OVERALL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of VERDE ENERGY USA, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 52 year old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an independent energy supplier which offers consumers renewable energy at competitive rates. With its headquarters located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut, Defendant is a Delaware corporation that regularly conducts business with consumers in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately December 2016, Plaintiff started receiving phone calls from Defendant to his cellular telephone, (217) XXX-2537. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2537. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. The phone number that Defendant most often uses to contact Plaintiff is (618) 717-4007, but upon belief, it has used other phone numbers as well. *See* Exhibit A.

11. Upon information and belief, the above phone number ending in 4007 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

12. Prior to receiving its phone calls, Plaintiff was not aware of what Defendant was or why it would be calling him. *Id.*

13. Plaintiff is unaware as to how Defendant got his information, but he may have inadvertently given it his cellular phone number while on the internet. *Id.*

14. When Plaintiff has answered calls from Defendant, he often experiences an approximate three to five second pause, and has to say "hello" a couple of times before a live representative begins to speak. *Id.*

15. After speaking with one of Defendant's representatives and discovering that it was trying to solicit him to use its energy services, Plaintiff told Defendant that he was not interested and to stop calling him. *Id.*

16. Despite his demands, Defendant has continued to systematically call Plaintiff's cellular phone up until the present day. *Id.*

17. Plaintiff regularly receives several calls a week from Defendant. Additionally, he has received multiple phone calls from Defendant during the same day. *Id.*

18. For reference, on December 30, 2016, Defendant placed three phone calls to Plaintiff's cellular phone in a span of just over four hours. *Id.*

19. Plaintiff has received not less than 12 phone calls from Defendant since asking it to stop calling. *Id.*

20. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $48.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

22. Plaintiff has suffered financial loss as a result of Defendant's actions.

23. Plaintiff has been unfairly harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The three to five second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

28. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHRISTOPHER WILTON OVERALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS**
**CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any

5

> deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's request and continued to systematically contact him at least 12 times after he made his request. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and purchase Defendant's energy services.

36. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Defendant placed as many as three phone calls in a span of a little over four hours. Placing this many calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

39. As pled in paragraphs 19 through 24, Plaintiff has suffered actual damages, including costs associated with purchasing and maintaining a blocking application, as a result of

6

Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff had not used Defendant's energy services in the past, but yet, he was still bombarded with solicitation phone calls even after notifying it that he was not interested in its services and demanded that it stop contacting him. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CHRISTOPHER WILTON OVERALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 23, 2017  Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
 Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com