**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER WILTON OVERALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 1:17-cv-00510 |
| v. | : | |
| | : | Honorable Joan B. Gottschall |
| VERDE ENERGY USA, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ACTION
PENDING DECISION IN *ACA INT'L V. FED. COMMNCN'S COMM.***

Verde Energy USA, Inc. ("Verde") submits the following Memorandum in Support of Verde's Motion to Stay:

**INTRODUCTION**

Verde requests that the Court stay this matter pending a decision from the United States Court of Appeals for the District of Columbia Circuit in ACA Int'l v. Fed Commncn's Comm., No. 15-cv-01211 (D.C. Cir. 2015) ("ACA"). The D.C. Circuit's decision could have a completely dispositive or at least significant impact on this matter. See Quinn v. Verde Energy USA, Inc., No. 16-cv-11196 (N.D. Ill. Mar. 20, 2017) (granting Verde's Motion to Stay based on ACA).

**BACKGROUND**

**A. This Action**

Plaintiff Christopher Wilton Overall ("Overall") claims that Verde is liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), for telephone calls that Verde allegedly made to Overall's cellular telephone. See Complaint, ¶ 1. Overall claims that Verde "used an ATDS

[automatic telephone dialing system] in connection with its communications directed towards Plaintiff." Id. at ¶ 27.

Verde denies that Overall's claims have merit. In order for a telephone call to a wireless number to violate the TCPA, the call must be made, *inter alia*, (1) without the recipient's "prior express consent," and (2) using an "automatic telephone dialing system" ("ATDS"), as that term is defined by the TCPA. 47 U.S.C. § 227 (b)(1)(A).[1] Verde denies that any calls about Verde were made to Overall without his prior express consent. Verde denies that any calls about Verde were made to Overall using an ATDS.[2]

**B.**      *ACA* **- The FCC's July 10, 2015 Order and Pending Appeal**

The TCPA prohibits the act of making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to [certain communication sources]." 47 U.S.C. § 227(b)(1). On July 10, 2015, the FCC issued a Declaratory Ruling and Order that interprets the statutory definition of an ATDS. In its ruling, the FCC concluded that equipment can potentially qualify as an ATDS even if it has no current capability of generating and calling numbers randomly or sequentially, so long as the equipment has a latent capacity to do so, and even if modifications to the equipment are needed to activate that latent ability.[3]

---

[1] "The term 'automatic telephone dialing system' means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

[2] Records indicate that marketing calls were made to a phone number associated with Overall. However, those calls were not made with a telephone system that had any then-current ability to produce or call numbers randomly or sequentially. See Declaration of Anthony Menchaca, attached as Ex. A.

[3] The Third Circuit recently stated that, given the clarity of the TCPA's statutory language, the FCC cannot by regulatory decree eliminate the "randomly or sequentially" requirement from the TCPA. See Dominguez v. Yahoo, Inc., 629 Fed. Appx. 369, 63 Communications Reg. (P&F) 1074, 2015 WL 6405811 (3d. Cir. Oct. 23, 2015); see also Aranda v. Caribbean Cruise Line, Inc., 179 F. Supp. 3d 817,

2

In response, multiple objectors filed petitions in the United States Court of Appeals for the District of Columbia Circuit seeking review of the FCC's July 10, 2015 Declaratory Ruling and Order. See ACA (consolidating all petitions and proceedings). In particular, ACA International petitioned the D.C. Circuit to:

> hold unlawful and set aside the [FCC]'s treatment of 'capacity' within the definition of an 'automatic telephone dialing system' under the [TCPA], and compel the [FCC] to treat 'capacity' in a way that comports with a caller's right of due process and free speech.

Id., Am. Pet. for Review by ACA Int'l, Doc. 15662251 at 4-5.

On October 13, 2015, the D.C. Circuit issued an order setting a briefing schedule. All briefs were filed on or before February 24, 2016. The D.C. Circuit heard oral argument on October 19, 2016, and a decision is pending. The D.C. Circuit's decision could be dispositive of, or at least significantly impact, this action.

**ARGUMENT**

**A.    The Court Has the Authority to Issue a Stay**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A., 410 F.3d 964, 980 (7th Cir. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also Morrison v. YTB Int'l, Inc., No. 08-cv-00579, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) ("[A]n appropriate exercise of a court's discretion to enter a stay is a situation in which a ruling dispositive of a case is pending either in the case in which a stay is under consideration or in a separate matter."); Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d

---

824 (N.D. Ill. 2016) ("As the FCC has explained, not every dialing device amounts to an 'automatic telephone dialing system' within the meaning of the TCPA.").

Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."); Langenberg v. Papalia, No. 12-cv-00175, 2014 WL 4792125, at *1 (W.D. Pa. Sept. 24, 2014) ("It is not considered an abuse of discretion for a district court judge to impose a stay pending the outcome of an administrative proceeding.").

**B.     A Stay Is Warranted Pending the Outcome of *ACA***

In determining whether to issue a stay, courts generally consider three factors: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court." Tel. Sci. Corp. v. Asset Recovery Solutions, LLC, No. 15 C 5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016).

The viability of Overall's TCPA claim will depend, significantly, if not entirely, on whether any of the calls at issue were made using an ATDS. See Complaint, ¶¶ 26-28. In turn, that determination will depend on the interpretation of the statutory definition of an ATDS. In ACA, the propriety of the FCC's construction of the statutory definition is at issue, and therefore the outcome of ACA is likely to have at least a significant, if not dispositive, impact on this action.

Many courts have cited to the FCC's July 2015 regulatory decision to interpret the definition of an ATDS in a manner that may or may not conflict with the statutory definition of an ATDS to be a critical threshold issue. See Johnson v. Yahoo!, Inc., No. 14-cv-02028, 2014 WL 7005102, at *3 (N.D. Ill. Dec. 11, 2014) ("[I]f tasked with applying only the statute's language, I would conclude that Yahoo!'s system does not constitute an ATDS because the PC2SMS service does not use a random or sequential number generator."); Dominguez v.

4

Yahoo, Inc., 629 Fed. Appx. 369, 372, 63 Communications Reg. (P&F) 1074, 2015 WL 6405811 (3d. Cir. Oct. 23, 2015) (the FCC's "orders (as we interpret them) hold that an autodialer must be able to store or produce numbers that *themselves* are randomly or sequentially generated …") (emphasis in original); De Los Santos v. Millward Brown, Inc., 13-cv-80670, 2014 WL 2938605, at *6 (S.D. Fla. June 30, 2014) ("As other courts have held, the term 'capacity' refers to 'present, not potential, capacity' to produce and dial numbers. Otherwise, the term autodialer would have no 'outer limit,' for '[v]irtually every telephone in existence, given a team of sophisticated engineers working doggedly to modify it, could possibly store or produce numbers using a random or sequential number generator.") (internal citations omitted).

One court observed that:

> it seems to the Court, as it seemed to the dissenting [FCC] Commissioners, that the FCC majority's interpretation of the term "capacity" contradicts the plain language of the statute.

Gensel v. Performant Techs., Inc., No. 13-cv-01196, 2015 WL 6158072, at *2 (E.D. Wis. Oct. 20, 2015) (staying TCPA class action pending outcome of ACA).

Many courts have decided to stay TCPA cases pending a decision in ACA because of the significant impact the decision is likely to have. According to one court, use of an ATDS:

> is a threshold issue for liability under the TCPA and for the scope of discovery. … [F]inal briefing in the ACA appeal was completed on February 24, 2016. Accordingly, the appeal before the D.C. Circuit is not likely to remain pending for an extended period of time, and the possible prejudice to the plaintiff is minimal. On the other hand, if the case is not stayed, the defendant may suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between "potential" capacity and "theoretical" capacity under the definition of an ATDS. Finally, granting a stay may simplify the issues in this case and conserve judicial resources because any order by this court issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling. Based on the foregoing,

5

> the defendant's motion to stay this action pending a decision by the
> Court of Appeals for the D.C. Circuit is GRANTED.

Rose v. Wells Fargo Advisors, LLC, No. 1:16-cv-00562, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016) (internal citations omitted); see also Rajput v. Synchrony Bank, No 3:15-CV-1079, 2016 WL 6433134 at *7 (M.D. Pa. Oct. 31, 2016) (granting motion to stay and noting stay pending D.C. Circuit's decision would help clarify and streamline legal issue concerning definition of ATDS); Jones v. Credit Acceptance Corporation, No. 15-13165, 2016 WL 7320919 at *3 (E.D. Mich. Oct. 31, 2016) (holding that interest of judicial economy coupled with lack of demonstrated prejudice to plaintiff warranted granting of motion to stay); Errington v. Time Warner Cable Inc., No. 2:15-cv-02196, 2016 WL 2930696, at *3 (C.D. Cal. May 18, 2016) (granting motion to stay pending outcome of ACA); Hurrle v. Real Time Resolutions, Inc., No. 13-cv-05765, 2014 WL 670639, at *1 (W.D. Wash. Feb. 20, 2014) (granting stay and noting "guidance on the 'capacity' of autodialing systems would further clarify the law that [the plaintiff] seeks to enforce in this action"); Fontes v. Time Warner Cable, Inc., No. 14-cv-2060, 2015 WL 9272790, at *4-5 (C.D. Cal. Dec. 17, 2015) (staying TCPA class action pending the D.C. Circuit's clarification of the definition of ATDS); see generally Higgenbotham v. Diversified Consultants, Inc., No. 13-cv-02624, 2014 WL 1930885, at *4 (D. Kan. May 14, 2014) (granting stay pending FCC's determination of issues raised by the In Re Communications Innovators petition); Mendoza v. UnitedHealth Group Inc., No. 13-cv-01553, 2014 WL 722031, at *2 (N.D. Cal. Jan. 6, 2014) (noting "the benefit to be provided by FCC guidance on potentially dispositive issues in this litigation outweighs the benefit to plaintiff in allowing the action to proceed").

On January 30, 2017, Judge Robert M. Dow, Jr. of the Northern District of Illinois also granted a Motion to Stay based on ACA because of the potentially dispositive impact the

6

decision in ACA could have on TCPA cases.  See Ankcorn v. Kohl's Corporation, No. 15-cv-1303, 2017 WL 395707 (N.D. Ill. Jan. 30, 2017).

Yesterday, in accordance with Ankcorn, Judge Dow granted Verde's Motion to Stay in a case essentially identical to this matter, filed by the same firm using the same form Complaint.  See Quinn, No. 16-cv-11196 (N.D. Ill. Mar. 20, 2017) (granting Verde's Motion to Stay based on ACA).

Finally, Overall would not be prejudiced by a stay of this action.  The telephone number associated with Overall is on Verde's internal Do-Not-Call list.  No calls regarding Verde have been made to that number since January 2017.  No calls regarding Verde would be made to that number during a stay of this action.

Based on the foregoing, Verde requests that the Court stay this action pending the outcome of the ACA appeal.

## CONCLUSION

Verde requests the Court grant Verde's motion to stay this action pending a final decision in the appeal of the FCC's Omnibus Declaratory Ruling and Order issued on July 10, 2015 in ACA Int'l, et al. v. Fed. Commncn's Comm., No. 15-cv-01211 (D.C. Cir. 2015).

131665219v1 0995882

Dated: March 21, 2017   Respectfully submitted,

*s/ Brittney N. Cato*
Brittney N. Cato

David M. Schultz (#6197596)
dschultz@hinshawlaw.com
Brittney N. Cato (#6323715)
bcato@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Fax: 312-704-3001

*Attorney for Defendant,*
*Verde Energy USA, Inc.*

131665219v1 0995882

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of March, 2017, I caused to be served a true and correct copy of the foregoing Memorandum in Support of Motion to Stay via ECF filing:

Nathan C. Volheim, Esq.
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

    *s/Brittney N. Cato*
    Brittney N. Cato

131665219v1 0995882